UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE LAUNDRY, DRY
CLEANING WORKERS AND ALLIED
INDUSTRIES HEALTH FUND, WORKERS
UNITED,

                        Plaintiffs,

          -against-

OCEANSIDE INSTITUTIONAL INDUSTRIES,
INC.,

                        Defendant.

**COMPLAINT**

Plaintiffs, by their attorney David C. Sapp, Esq., for their Complaint complaining of Defendant Oceanside Institutional Industries, Inc., respectfully allege as follows:

## NATURE OF ACTION

1.      This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3.     Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4.     Plaintiff Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1).  Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Health Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is in the Southern District of New York.

5.     Upon information and belief, Defendant Oceanside Institutional Industries, Inc. is a New York corporation having or having had its principal place of business at 2525 Long Beach Road, Oceanside, New York 11572.

6.     Laundry, Distribution and Food Services Joint Board, Workers United ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4).  Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements covering all relevant periods herein.  Pursuant to said collective bargaining agreements, contributions to Plaintiff Health Fund ("the Fund") for health coverage for Defendant's employees were and are due to be paid monthly by Defendant including for employees on layoff for three (3) additional months after the employee's last day of work.

2

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF
### TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

7.      Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "6" of this Complaint with the same force and effect as if set forth at length herein.

8.      Contributions to the Health Fund from Defendant for the months of July 2016 through and including September 2016 have not been made and are now due and owing.  By reason thereof, Defendant is liable to Plaintiff Health Fund for contributions in the principal amount of $144,188.00 for the months stated.

### AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF
### TRUSTEES OF THE HEALTH  FUND AGAINST DEFENDANT

9.      Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10.      The Health Fund's Trust Agreement requires Defendant to remit monthly Contribution Reconciliation Reports ("Contribution Reports") to Plaintiffs, which includes the employees' names, Social Security numbers, hours worked, paid hours, unpaid hours, vacation, sick leave, hire classifications, and such other information as the Trustees may require for the Health Fund's sound and efficient operation and to ensure the provision of health insurance benefits to participants in the Health Fund.

11.      Upon information and belief, Contribution Reports required for the months of July 2016 through and including September 2016 have not been remitted to the Health Fund by

3

Defendant and are now due and owing by Defendant to the Health Fund. By reason thereof, Plaintiffs are entitled to an order and judgment requiring Defendant to remit the required contribution Reports to Plaintiffs for the months stated.

## AS AND FOR AN THIRD CLAIM FOR RELIEF BY
## PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

12.    Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "11" of this Complaint with the same force and effect as if set forth at length herein.

13.    Defendant has previously failed and is now failing and, upon information and belief, will continue to fail to make contributions and remit Contribution Reports to the Health Fund in accordance with the terms and conditions of such Fund and the collective bargaining agreement between Defendant and the Union unless restrained by the Court.

## AS AND FOR A FOURTH CLAIM FOR RELIEF BY
## PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

14.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "13" of this Complaint as if recited at length herein.

15.    Unless Defendant is restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendant's assets, Defendants will have no assets with which to meet the obligations to the Health Fund thereby causing the Health Fund and its participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Health Fund will have no adequate remedy of law.

4

16.     The Health Fund will be subjected to irreparable hardship and injury in the event that Defendant is not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a.      Directing Defendant to pay the delinquent contributions to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United for the months of July 2016 through and including September 2016 in the principal amount of $144,188.00; and

b.      Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United interest on the sums set forth in paragraph "(a)" herein, to be computed at the rate of one percent (1.00%) per month or part thereof pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B) and the Fund's rules and regulations; and

c.      Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United liquidated damages on the sums set forth in paragraph "(a)" herein, to be computed at a rate as prescribed by the Health Fund, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii) and the Health Fund's rules and regulations; and

d.      Directing Defendant to remit to the Health Fund the Contribution Reports for the months of July 2016 through and including September 2016; and

e.      Directing Defendant be restrained and enjoined permanently from remaining delinquent in remitting its contributions and Contribution Reports to the Health Fund, and ordering Defendant to remit such contributions and Contribution Reports in accordance with the

5

Health Fund's Trust Agreement, the terms and conditions of the Health Fund's rules and regulations, and the Bargaining Agreement between Defendant and the Union; and

  f.  Directing Defendant and all of its officers, employees, agents, representatives, and all persons acting in concert with them be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendant's assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

  g.  Directing Defendant to pay to the the Health Fund the attorneys' fees and costs incurred by the Health Fund in this action as required by Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  h.  Granting such other legal and equitable relief as the Court deems appropriate.

Dated: January 5, 2017
  White Plains, New York

        **TRUSTEES OF THE LAUNDRY, DRY CLEANING WORKERS AND ALLIED INDUSTRIES HEALTH FUND, WORKERS UNITED, Plaintiffs**

        By: David C. Sapp, Esq. (DS 5781)

        *Attorney for Plaintiffs*
        Alicare Inc. – Fund Administrator
        333 Westchester Avenue
        North Building-1st Floor
        White Plains, New York 10604
        (914) 367-5576 (voice)
        dsapp@amalgamatedlife.com